## FOOTE and others *v.* CUNARD MINING Co. and others.

*(Circuit Court, D. Colorado.  June 28, 1883.)*

1. SUIT BY STOCKHOLDERS—PREREQUISITES.
    Before a stockholder can sue in his own name he must show to the satisfaction of the court that he has exhausted all the means within his reach to obtain within the corporation itself the redress of his grievances, or action in conformity to his wishes.
2. SAME—BILL MUST SHOW, WHAT.
    In such a case the bill must set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action.
3. SAME—PROBABLE REFUSAL OF CORPORATION TO ACT.
    It is not enough that it appears from the bill that the corporation would probably refuse relief. The rule is imperative that efforts should·be made to obtain relief in that direction before suit can be instituted by a stockholder.

In Equity.  Demurrer to the bill.

*Bentley & Vaile,* for plaintiffs.

*Decker & Youley,* for defendants.

McCRARY, J., after stating the facts, delivered the opinion of the court, *orally,* as follows:

The demurrer to the bill will have to be sustained. It is apparent that this is a suit brought in the interest of the Amulet Mining Company, a corporation. It is brought by·the stockholders of that cor-

poration. The substance of the allegation is that certain property, which in equity belonged to the Amulet Mining Company, was fraudulently conveyed to the Cunard Mining Company, and the relief sought is that the title be transferred from the one corporation to the other. It is, therefore, a suit which ought to be brought by the Amulet Mining Company, unless there is some reason set forth in the bill why it should be brought by the complainants as stockholders in that company. There are no sufficient allegations in the bill upon this subject. The rule which obtains now in such cases is laid down in the case of *Hawes* v. *Oakland,* 104 U. S. 450, in which, after having stated the circumstances under which a bill may be brought by a stockholder against the corporation of which he is a member, the court adds:

"But in addition to the existence of grievances which call for this kind of relief, it is equally important that, before the shareholder is permitted in his own name to institute and conduct a litigation which usually belongs to the corporation, he should show, to the satisfaction of the court, that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated, effort with the managing body of the corporation to induce remedial action on their part; and this must be made apparent to the court. If time permits, or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body in the matter of which he complains; and he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it.

"The efforts to induce such action as complainant desires on the part of the directors, and of the shareholders, when that is necessary, and the cause of failure in these efforts, should be stated with particularity, and an allegation that complainant was a shareholder at the time of the transactions of which he complains, or that his shares have devolved upon him since by operation of law, and that the suit was not a collusive one to confer on a court of the United States jurisdiction in a case of which it could otherwise have no cognizance, should be in the bill, which should be verified by affidavit."

Upon the announcement of that opinion the supreme court adopted an additional rule in equity, to which I think, perhaps, the attention of counsel in this case has not been called. It is rule 94, and will be found in the 104th volume of the United States Reports, and is as follows:

"Every bill brought by one or more stockholders in a corporation against the corporation and other parties, founded on rights which may properly be asserted by the corporation, must be verified by oath, and must contain an allegation that the plaintiff was a shareholder at the time of the transaction of which he complains, or that his share had devolved on him since by operation of law; and that the suit is not a collusive one to confer on a court of the United States jurisdiction of a case of which it would not otherwise have cognizance. It must also set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action."

This bill does not set forth that the complainants were shareholders at the time of the transactions of which they complain; it does not set forth any efforts which have been made by complainants to obtain redress from the corporation; it is, therefore, in these particulars insufficient. It is not enough to say that it appears from the bill that the corporation would probably refuse relief. The rule is imperative that efforts shall be made to obtain relief in that direction before such a suit as this shall be commenced in the courts.

On this ground the demurrer to the bill will be sustained.