EDWARD D. COXE v. EDWIN HART, CYRUS S. HART, KATE E. HART AND GEORGE BEYER.

*Bill to set aside mortgage—Parties.*

A bill to set aside a mortgage made by a corporation is demurrable for want of parties if it impleads the foreclosure purchaser as defendant and does not implead the corporation.

Appeal from Menominee. (Grant, J.) Apl. 23.—Apl. 30.

BILL to set aside mortgage. Defendant Beyer appeals. Reversed.

*Sawyer & Waite* and *John Power* for complainant.

*B. J. Brown* for appellant.

CAMPBELL, J. Complainant, who is a stockholder and director and secretary and treasurer of a corporation known

as the Hart & Coxe Cedar Company, filed his bill under the statute relating to proceedings in chancery against corporations, as amended in 1879 (How. Stat. §§ 8150–8152), for causes included in section 8150. The bill set up several connected grievances committed by defendant Cyrus S. Hart, president of the company, in fraud of his duties to the corporation, which were, in brief, these :

In March, 1883, by fraudulently misrepresenting the condition of the company, he induced his associates in the board, who were complainant and William E. Smith (the latter holding only one share of stock which he had in order to make up the necessary number under the statute, for directors,—the remainder being owned by complainant and Hart), to make a mortgage of all the personal property to Edwin Hart, as trustee, to secure the payment of all the debts of the corporation in installments, from June, 1883, to February, 1884. Under this mortgage a sale is alleged to have been made irregularly and collusively to Beyer, a resident of Wisconsin, where the Harts also reside. Cyrus S. Hart is also charged with appropriating company money in various ways to his own use, with buying land with such funds in the name of his wife, the defendant Kate E. Hart, with issuing and then purchasing or discounting company paper at a profit, with overcharging purchases for the company, with shipping shingles and posts out of the State and crediting the company with only about 12 per cent. of their value, and sometimes giving no credit at all, and with removing the books from the State. It is not necessary to give the charges of the bill in detail, but they include a series of very gross acts of misconduct and fraud in violation of the plainest duties of his office.

Beyer put in a general demurrer, and this was overruled below, and a decree pro confesso ordered in default of answer. He claims in this Court that the bill makes out no case of interference on behalf of this complainant, and that it is bad for want of parties.

This last point is well taken. So far as this defendant is concerned, the relief sought is for the benefit of the corpora-

tion, and if he releases or accounts, it must be to the corporation and not to complainant, and in case he has any counter-equities those would also exist against the corporation. It is therefore an indispensable party, so far as he is concerned, and so far as all the defendants are concerned who are charged with defrauding it. *Cicotte v. Anciaux*, ante p. 227.

But if the bill is otherwise sufficient to invoke the aid of equity, this defect can be rectified. It is therefore necessary to look into its general frame.

The statute of 1879, before referred to, allows a bill to be filed at the instance of a stockholder or director or officer against trustees, managers or other officers of corporations created for business purposes, in several different cases, of which it is enough for this case to say that this bill covers no less than six (if not seven) of the eight classes of causes indicted in section 8150 as grounds of interference. Cyrus Hart is implicated in all of them, and the other defendants in parts of them.

There is, in our opinion, an abundant showing of facts to sustain the jurisdiction under the statute; and while we must reverse the decree as it stands, we think justice requires that it shall be done without imperiling complainant's rights. The order of this Court, therefore, will be that the decree be reversed with costs, and the demurrer sustained, with leave to amend the bill within such time as may be allowed by the circuit court, and without prejudice to the injunction, which is retained till further ordered at the circuit.

The case will be remanded with these directions.

The other Justices concurred.