HAYES *v.* DAYTON.

*(Circuit Court, S. D. New York.* June, 1884.

1. PATENT LAW—REOPENING CASE ONCE DECIDED FOR TRIFLING REASONS.
    Matter having been once decided will not be reheard because it is alleged that certain drawings before court at first trial were defective, and that evidence now proposed will show the structures in the original and the reissue to be the same, unless the new evidence is so clear and positive that an entirely different case is presented.

2 JURISDICTION OF CO-ORDINATE COURTS WITH RESPECT TO EACH OTHER.
    One court does not reverse or review judgment of a court of co-ordinate jurisdiction.

In Equity.

*James H. Whitelegge,* for complainant.

*C. G. Frelinghuysen,* for defendant.

Coxe, J.   The bill alleges infringement of six reissued letters patent.   The claims in controversy are as follows:   Claim 4 of No. 8,597, claims 6 and 10 of No. 8,674, claims 1 and 6 of No. 8,675, claim 1 of No. 8,676, claims 2 and 6 of No. 8,688, and claim 3 of No. 8,689.   The decision of Judge Benedict in *Hayes* v. *Seton,* 12 Fed. Rep. 120, disposes of all these claims with the exception of claim 6 of 8,688, and, possibly, claim 2 of the same patent, and claim 6 of No. 8,675.   Reissue No. 8,676 was not before the court in that action. As to the other claims referred to it was decided either that they were void as enlarging the scope of the original patent, or that devices identically or substantially similar to those introduced here did not infringe.

It is urged by the complainant that, as to one of the patents at least, the drawings then before the court were defective, and that the evidence, now for the first time presented, indicates that the structures described in the original and in the reissue are substantially the same.   For this reason, and others similar in character, the court is urged to re-examine the questions involved without reference to the fact that they have already been disposed of by the decision in the *Seton Case.*   No sufficient reason has been suggested to induce the court to adopt this course.   It cannot be said that in that case a different conclusion would have been reached had all the proof now presented been introduced.   It is not enough to show that in the original drawings and specifications the disputed structure is described. It must be claimed also.   *Manuf'g Co.* v. *Stamping Co.* 27 O. G. 1131.   The claims of the reissues referred to alone were dealt with, and after a careful examination and comparison thereof with the originals a construction adverse to the complainant was placed upon them.   So long as this decision is undisturbed by the only tribunal which has a right to review it, it must remain the law governing the case.   The spectacle of one court overruling or reversing another court of co-ordinate jurisdiction, in the same circuit, would certainly be an anomalous one.   It would be without precedent and would lead to inextricable confusion.   The examination here must, therefore, be confined to claims 2 and 6 of reissue No. 8,688, claim 6 of reissue No. 8,675, and claim 1 of reissue No. 8,676.

Regarding claim 2 of reissue No. 8,688, Judge Benedict says:

"I am unable, therefore, upon the testimony, to find that this claim has been infringed, unless it be held that the construction of the gutters so as to keep them under cover of the bases is not an essential feature of the invention.   But if it be so held, then I must hold the claim void for want of novelty."

In the case at bar the complainant in his testimony mentions no infringing device, and there are no such devices opposite the marginal

Nos. 23 and 24. Upon the argument, however, other devices elsewhere represented were pointed out, which, it was insisted, contained all the elements covered by the claim.

With the claim construed as above I am unable to find any testimony sufficiently definite and certain to base thereon a finding that the defendant has infringed.

Claim 6 of this reissue is clearly void as an expansion of the original patent. The movable sashes sought to be secured are not even mentioned in the claims of the original.

Of claim 6 of the reissue No. 8,675, Judge BENEDICT says:

"The subject-matter of the sixth claim of this reissue is not found in the structures claimed to be infringing structures. In those structures there is but one set of openings, and those from the gutter directly to the outside."

The claim is as follows:

"(6) In the base or base-frame of a metallic skylight, the combination of outlet-apertures, $f$ and $g$, arranged to break-joint, as it were, or form an indirect escape for the water accumulating in the bar-gutters, $c$ $c$, and base-gutter, $C'$, without permitting the passage inward of wind, dust, rain, snow, etc., substantially as described and set forth."

I have looked carefully through the proofs to find any satisfactory evidence of infringement. The complainant testified that in some of the structures which he examined the apertures were directly opposite each other, and he was not sure that this was not true of all. The witness Campbell testified positively that he found none that were not direct. As the break joint or indirect escape is an essential element of this claim it cannot be said that one who uses a direct escape with the openings opposite each other is an infringer.

Claim 1 of reissue No. 8,676 is as follows:

"(1) The combination of an internal angle-piece having one or more laterally extending flanges, ribs, or wings with a sheet-metal bar or casing, essentially as and for the purposes described and set forth."

If this claim is construed to cover the device shown in the drawing attached to the patent and described in the specification it must be said that the defendant does not infringe. His bar is flat upon the top. The upper edges are not bent upward in juxtaposition to each other. There is no cap plate. There is no metal cap at the bottom. It is said that the cap at the bottom is not part of the invention, but it will be observed that there would be nothing to hold together the two pieces of the bar, as shown in the drawing, if the cap-plate to which the bar is riveted and the metal cap at the bottom were both omitted. The defendant uses neither. If, on the contrary, the claim is construed to cover broadly the combination of an angle-piece having two laterally extending flanges inclosed in a sheet-metal bar, it must be held void for want of novelty.

For these reasons the bill is dismissed, with costs.