Simonton, District Judge.
This is a motion for the appointment of a receiver. The time for answering has not yet expired, and no answers are in. The motion, therefore, is on the bill and affidavits. The suit is brought by Louis Ranger, the holder and owner of 20 shares in the Champion Cotton-Press Company, against that corporation and all the other stockholders. The capital stock of the company is subdivided into 120 shares. The corporation purchased some time ago 19 of these, and has recently acquired title to 20 more. The defendants to this bill represent 61 shares. The bill charges abuse of his authority on the part of B. E. McCabe, the president, refusal on his part to account for some $25,000 intrusted to him by the company to be used in the promotion of its interests, the application of this money to his own use, and his repeated and obstinate refusal to give complainant an inspection of the books of the company, or any information whatever of its affairs. The affidavit with the bill charges that McCabe is insolvent, and that since the inauguration of this suit he has been mortgaging—has in fact mortgaged—all of his real estate, with manifest intent to defeat the claim of the company. There is no allegation of fraud or fraudulent collusion on the part of the other stockholders, and there is a distinct intimation in the bill that McCabe, as president, is sustained by the other stockholders. Upon these allegations is based the motion for a receiver. The solvency of the corporation is unquestionable. So far as appears, there are no creditors.
At this stage of the case we deal with the allegations of the bill as if they were true. They present a grave condition of things, and without doubt, even with the qualifying statements of Mr. McCabe’s affidavit, there does seem reason for great apprehension in the mind of the complainant. But this motion is, in effect, to take the control of this company out of *610 the hands of the majority of its stockholders and put it under the control of the court and its receiver; this, too, at the request of a person who is in a minority of the stockholders. The majority entertain and favor a certain method in the management of the affairs of the company, by which a large, and perhaps uncontrolled, power is given to the president. He thinks this all wrong. The majority have confidence and trust—up to this stage of the case, a remarkable degree of confidence—in their president. He has no confidence in him whatever, and is willing to believe the worst of him. The complainant, therefore, invites the interference of the court to remove this president, and change this, to him, dangerous method. He bases his prayer for the favorable consideration of the court upon the fact that he is a stockholder. But so are the others. Each one of them has as much right to the aid of the court, and to its interference, as he; and, as the aggregate of them have a larger number of shares than he, this majority have a paramount claim upon the court. The bill seeks no relief against the stockholders; makes no charge against them. It attacks Mr. McCabe, and seeks judgment against him. If a receiver be appointed, this would be in effect a decree against all the other stockholders, and against the corporation. Were it necessary in order to secure a proper account from Mr. McCabe, and a judgment against him, that a receiver should be appointed, this would be done at once. He is a trustee, and, as such, he can and should be made to account at the instance of all or any of his cestuis que trustent. The inevitable result of this bill, assuming that its allegations are in the main correct, is to secure such an accounting. But this will not warrant the court, at this stage of the proceedings, against or without the consent of the majority of the stockholders in this solvent corporation, to take its property out of its hands, to assume control of its management, and to wind up its affairs as if it were dissolved. One of the results of membership in a corporation—one of the evils, we may say—is that the minority are largely under the control of the majority. So long as the latter act in good faith, and within the constitution and by-laws of the corporation, they can adopt any line of policy which commends itself to their judgment, however great may be the hostility of the minority to it, or however deep their conviction that it is destructive of their interests. If this minority were original stockholders, they are themselves responsible for the powers left with the majority. If they have acquired the stock after the organization of the company, they have voluntarily assumed the risk. In any event, they are bound to the life of the corporation during the term of its charter, unless the other stockholders concur with them to dissolve it. In no event, therefore, can the court, at this stage of these proceedings, upon the prayer of a minority, appoint a receiver, and so defeat and disappoint the majority of the stockholders, and practically put an end to the existence of the corporation.[1]
The motion is dismissed.

 Mor. Corp. § 281; Hardon v. Newton, 14 Blatchf. 376; Einstein v. Rosenfeld, 38 N. J. Eg. 309; La Grange v. State Treasurer, 24 Mich. 468.