THOMAS J. MASON, CHARLES E. KEMP, JOHN S. COLE, and others *vs.* THE SUPREME COURT OF THE EQUITABLE LEAGUE OF BALTIMORE CITY.

*Corporations—Beneficial assessment Association—Jurisdiction in Equity—Receiver.*

A Court of equity has no jurisdiction to appoint a receiver to take charge of and administer the assets of a beneficial assessment association, not alleged to be insolvent, and thus cause its dissolution and the forfeiture of its charter.

APPEAL from the Circuit Court No. 2 of Baltimore City.

The appeal in this case was taken by the plaintiffs from a decree of the Court below (WICKES, J.,) dismissing their bill. The case is stated in the opinion of this Court.

The cause was argued before ROBINSON, BRYAN, FOWLER, and MCSHERRY, J.

*Lewis Hochheimer,* (with whom were *Sidney Hall, Charles A. Briscoe,* and *O. Parker Baker,* on the brief,) for the appellants.

*Ferdinand C. Dugan,* and *George R. Willis,* (with whom were *Charles C. Rhodes,* and *George A. Hooper,* on the brief,) for the appellee.

FOWLER, J., delivered the opinion of the Court.

The appellants filed a bill in the Circuit Court of Baltimore City against the appellee, a corporation formed

NOTE.—There is a very extensive annotation on the power to appoint receivers of corporations where there is no other relief asked, with the case of *Supreme Sitting of the Order of Iron Hall vs. Baker, et al., (Ind.,)* 20 *Law Rep., Anno.,* 210.

under the general incorporation law of Maryland, and the prayer is that a receiver may be appointed to take charge of and administer the assets of the defendant corporation under the order of the Court, and for an injunction restraining the officers and agents of said defendant from receiving or collecting any money or assessment due or coming to it, and from interfering with its property or assets, and for general relief.

The defendant answered, testimony was taken, and a decree was passed dismissing the bill. The appellee is what is known as a beneficial assessment association.

The first question is one of jurisdiction, and we are all of opinion that the learned Judge below properly refused to appoint a receiver, and issue the injunction on the allegations contained in the bill—for the granting of such relief would necessarily result in a dissolution of the corporation, and a forfeiture of its charter.

The defendant was not alleged to be insolvent; certainly not so alleged as to bring the case within section 264, of Article 23 of the Code; and even if the allegation of insolvency had been sufficient, we find no proof to sustain it. Nor are there any allegations in the bill looking to proceedings under section 265 of the same Article, providing for a voluntary dissolution.

Apart from statutory power, a Court of equity cannot dissolve a corporation. "It is true," says Mr. *High* in his book on *Receivers, section* 288, "equity may properly compel officers of corporations to account for any breach of trust in their official capacity; yet, in the absence of statutes extending its jurisdiction, it will usually decline to assume control over the management of the affairs of a corporation upon a bill * * * * alleging fraud, mismanagement, and collusion on the part of the corporate authorities, since such interference would necessarily result in the dissolution of the cor-

poration, and the Court would thus accomplish indirectly what it has no power to do directly.''

"The remedial power exercised by Courts of equity, in such cases, ordinarily extends no further than the granting of an injunction against any special misconduct on the part of the corporate officers; and, although the facts shown may be sufficient foundation for such an injunction, the Court will not enlarge its jurisdiction by taking the affairs of the corporation out of the management of its own officers, and placing them in the hands of a receiver.'' We have quoted at length Mr. High's lucid statement of the well settled principles applicable to a case like this, because, in our opinion, it is conclusive of the question we are considering. This Court, however, has announced the same doctrine.

In *Goodman vs. Jedidjah Lodge, No.* 7, *&c.*, 67 *Md.*, 117, which was a bill filed by a minority of the members of a beneficial association, alleging fraud, mismanagement, &c., on the part of the corporate authorities, it was held that, even if the corporation had been guilty of the acts complained of, "this would only be cause for the annulment of its charter by the Legislature, or for proceedings against it as provided by the corporation laws. *Rev. Code, Art.* 67, *secs.* 1 *to* 9. A corporation can also be dissolved, but the mode for doing this is also provided by law. *Rev. Code, Art.* 67, *secs.* 10 *to* 22.''

"But,'' continues this Court, "this bill is not a proceeding under either of these provisions of the Code, and the Court has no power upon such a bill, either to dissolve the corporation, or to forfeit its charter, or to correct any supposed misuse or abuse of its corporate powers, and it seems to us that the successful prosecution of one or the other of these remedies is essential to the relief asked by these complainants.''

But, if the defendant corporation has, as alleged, issued or made contracts of insurance, this, if an abuse

Mason, *et al. vs.* Supreme Court of the Equitable League.

of corporate power, could not be reached by a bill, like the one before us, filed by a member or certificate holder for the dissolution of the corporation; but such proceedings for such purpose must, under the provisions of the Code, Art. 23, sec. 255, be instituted in the name of the State by authority of the Governor.

We may add, however, that aside from any question of jurisdiction, we do not think the appellants are entitled to the relief asked, upon the facts contained in this record.

The testimony as to insolvency, mismanagement, fraud, and abuse of corporate powers is not of such a satisfactory and conclusive character as would justify the Court, if it had the power, in destroying the corporation. *Balto. & Ohio R. R. Co. vs. Cannon*, 72 *Md.*, 493.

The appellants had ample opportunity to enforce their alleged rights and claims. If they were unjustly excluded from the benefits and privileges of membership, the rules of the order provided a mode by which they could demand restoration at the hands of a tribunal established by the order itself. Art. 7, sec. 310, of the Constitution of the Order. And, if they failed to get justice within the Order, they still had the right to appeal to the law of the land.

If the officers of the Order should be guilty of misconduct, fraud, or mismanagement, a Court of equity has full power to restrain and enjoin them; but it will not, as we have seen, take away the rights of the share or certificate holders either by dissolving the corporation or by placing its affairs in the hands of a receiver. *High on Receivers, sec.* 288; *Waterbury vs. Merchants Union Express Co.*, 50 *Barb.*, 166; *Balto. & Ohio R. R. Co. vs. Cannon*, 72 *Md.*, 493.

*Decree affirmed, with*
*costs to appellants.*

(Decided 20th June, 1893.)