JONATHAN HEAP v. THE HEAP MANUFACTURING COMPANY.

*Corporations—Dissolution—Jurisdiction—Parties.*

1. The power to dissolve corporations for cause is legal, and not equitable; citing *Cady v. Manufacturing Co.*, 48 Mich. 135.[1]

2. At common law the state granting a charter to a corporation is the only party who can enforce a forfeiture; citing Beach, Priv. Corp. § 52.[2]

3. How. Stat. § 8155, which provides that whenever any incorporated company shall have remained insolvent for one whole year, or for one year shall have neglected or refused to pay and discharge its notes or other evidence of debt, it shall be deemed to have surrendered its corporate rights, privileges,

---

[1] See *Stamm v. Benefit Association*, 65 Mich. 317.
[2] See *Attorney General v. Lorman*, 59 Mich. 157.

and franchises, and shall be adjudged to be dissolved, does not authorize the filing of a bill in chancery by a stockholder to compel the winding up of a manufacturing corporation.

4. If a proceeding in a court of chancery to dissolve a corporation is by implication authorized by How. Stat. § 8155, which is not decided, there is nothing in How. Stat. chap. 281, entitled "Proceedings Against Corporations in Chancery," and of which said section forms a part, to change the rule that it must be instituted by the State, through its Attorney General.

Appeal from Muskegon. (Dickerman, J.) Submitted on *briefs June 21, 1893. Decided October 13, 1893.

Bill to dissolve a manufacturing corporation. Defendant appeals. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*Bunker & Carpenter,* for complainant.

*Smith, Nims, Hoyt & Erwin,* for defendant.

MONTGOMERY, J. The bill of complaint in this cause was filed by Jonathan Heap, a stockholder, for a dissolution of the Heap Manufacturing Company, a manufacturing corporation, because it had been insolvent for more than one year, and unable to meet its obligations. A general demurrer was interposed by the defendant, which being overruled by the court below, the defendant appeals.

We do not understand it to be contended that the bill can be maintained unless authorized by statute. If not so authorized, there are two fatal objections,—the proceeding is not instituted by the proper party in the proper court. In *Cady v. Manufacturing Co.,* 48 Mich. 135, this Court said:

"It is well settled that the power to dissolve corporations for cause was always legal, and not equitable. This is familiar doctrine, and never disputed."

It is also well established that at common law the state granting the charter is the only party who can enforce a

forfeiture. A private person cannot institute a proceeding for that purpose. Beach, Priv. Corp. § 52.

Counsel for complainant, in their brief, say that the bill was filed under chapter 281, How. Stat., with particular reference to section 8155. Certainly the bill does not state a case within any other section or provision of that chapter, and it must be sustained on the authority of that section, if at all. Section 8155 provides as follows:

"Whenever any incorporated company shall have remained insolvent for one whole year, or for one year shall have neglected or refused to pay and discharge its notes or other evidence of debt, it shall be deemed to have surrendered the rights, privileges, and franchises granted by any act of incorporation or acquired under the laws of this State, and shall be adjudged to be dissolved."

Complainant contends:

1. That, because this section is found in a chapter entitled "Proceedings against Corporations in Chancery," it must be construed as authorizing a suit *in equity* to declare the forfeiture and dissolution.

2. That, because section 8152 authorizes a *stockholder* to act under section 8150, he can also file a bill under section 8155.

The second proposition seems to us clearly unsound, and it is therefore unnecessary to pass upon the first. In our view, if a proceeding to dissolve is by implication authorized in a court of chancery, there is nothing in this chapter to change the rule that the State, through its Attorney General, must bring it. We discover no greater reason for holding that the question of who shall be entitled to exhibit such bill shall be determined by reference to section 8152, than by reference to section 8148 of the same chapter, which allows a bill to be filed for certain purposes therein mentioned under the direction of the Attorney General only. In fact, the connection between the subject-matter and provisions of sections 8148 and 8155 seems to be closer than between sections 8150 and 8155.

Inasmuch, therefore, as there is no statute which either expressly or by implication abrogates the common law, a mere stockholder cannot complain of the forfeiture, or ask for a dissolution. *People v. Bank of Pontiac*, 12 Mich. 527; *Strong v. McCagg*, 55 Wis. 624 (13 N. W. Rep. 895).

The statute was adopted from New York, but in the case of *Ward v. Insurance Co.*, 7 Paige, 294, cited by complainant's counsel as sustaining their construction of the statute, the defendant, was a corporation authorized to loan money, and the case was held to come within the sections of the New York statute corresponding to sections 8156 and 8157 of our statutes, which expressly authorize a stockholder to institute proceedings. An examination of these sections discloses that their object is not to authorize proceedings to dissolve such a corporation, except incidentally to the other relief thereby provided for. *Fay v. Bank*, Har. Ch. 194, was a case under these sections, and in the opinion the chancellor said:

" The primary object of proceedings in chancery against a failing corporation is not a dissolution of its charter for a violation, but to protect the assets for the benefit of the creditors. This power is merely incidental. This court having jurisdiction of the cause for other purposes, the Legislature has also conferred the power to decree a dissolution of the charter.' But this is the proper duty of the court of law, and for this purpose proceedings may be instituted at any time in the common-law courts for any violation of the provisions of its charter by a corporation."

It cannot be implied, therefore, that because a stockholder is authorized by these sections to commence proceedings against a banking or other money-loaning corporation, which, under some conditions, may incidently result in a dissolution, it was intended to give a stockholder in a manufacturing corporation the right, so long regarded as the State's prerogative, to commence a proceeding aimed directly at the forfeiture of the charter.

In the case of *Miner v. Ice Co.*, 93 Mich. 97, the bill

charged fraud under such circumstances as conferred upon the court an undoubted jurisdiction to compel an accounting by the directors in charge of the business, and to decree an application of the moneys attempted to be misappropriated to the payment of a dividend. See, also, *Hunter v. Roberts, Throp & Co.*, 83 Mich. 63. Having jurisdiction for this purpose, the court went further, and decreed a final winding up of the affairs of the corporation. But in the present case the sole purpose of the bill is to compel the winding up of the corporation, and the bill is filed distinctly under section 8155. We think it clear that this statute does not authorize the filing of such a bill.

Decree will be reversed, with costs, and bill dismissed.

The other Justices concurred.