ZIEGLER v. LAKE ST. EL. R. CO.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1896.)

1. EQUITY PLEADING—MULTIFARIOUSNESS.
 A bill is properly dismissed, on demurrer, as multifarious, when it joins separate and independent matters, so distinct from each other that they are not the proper subjects of attack in one suit.

2. CORPORATIONS—SUIT BY STOCKHOLDER.
 A stockholder cannot maintain a suit for a wrong to the corporate body without showing either an effort to set the corporation in motion to redress the wrong, an application to the directors to that end, or that such effort or application would be useless; and a failure to seek action on the part of the corporation itself cannot be excused by vague and general averments of complicity on the part of the directors in the wrongs complained of. 69 Fed. 176, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

S. P. Shope and T. S. McClelland, for appellant.

Knight & Brown, Dupee, Judah & Willard, S. P. McConnell, and John A. Rose, for appellee.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

WOODS, Circuit Judge. The bill in this case was brought by William Ziegler against the Lake Street Elevated Railroad Company, its directors and other officers, and John J. Mitchell, to enjoin the carrying out of certain contracts, and to obtain a receiver of the company named. The bill was afterwards amended, later an amended and supplemental bill was filed, and still later amendments were added whereby the Metropolitan West Side Elevated Railroad Company and the Chicago and South Side Rapid-Transit Railroad Company were made defendants. General and special demurrers to the bill and amendments were filed, and on July 3,

1895, an order was entered sustaining the demurrers, and dismissing the bill for want of equity. For a fuller statement of the case reference is made to the opinion delivered in the circuit court. Ziegler v. Lake St. El. R. Co., 69 Fed. 176.

After a careful study of the very elaborate and able briefs, upon which the case was submitted without an oral argument, we are of opinion that the decision of the circuit court was right. We entertain no doubts upon the merits, but, even if that were not so, we should be constrained to approve the order of dismissal, for the reason, not mentioned in the opinion below, though it was one of the grounds of demurrer, that the bill is multifarious. The agreements of December 18 and 28, 1894, though not between the same parties on both sides, are so nearly related as to be the proper subject of attack in one suit; but the agreements proposed or made with the Columbia Construction Company, with the West Chicago Street-Railroad Company, and the proposed agreement for scaling the mortgage debt of the Lake Street Elevated Railroad Company are plainly separate and independent matters, distinct from each other, as well as from the contracts concerning the construction and use of the loop road. Whether the contract by which the West Chicago Street-Railroad Company was permitted to attach its trolley wires, for support, to the timbers beneath the track of the Lake Street Elevated Railroad Company was one which ought not to have been made, is a question between those companies alone, and in which the other respondents had no interest to justify making them parties to a suit for its annulment. The same is true of the parties to the other contracts mentioned.

We desire to emphasize here the necessity, in suits like this, for a full and unequivocal compliance with the requirements of equity rule 94. As we had occasion to say in Watson v. United States Sugar Refinery, 34 U. S. App. 81, 88, 15 C. C. A. 662, 666, and 68 Fed. 769, 772:

"The rule is well settled that a stockholder cannot maintain a suit for a wrong to the corporate body without showing either an effort to set the corporation in motion to redress the wrong, an application made to the board of directors to that end, or that such effort or application would be useless; and this requirement is not satisfied by an allegation that the directors, or a majority of them, are acting in the interest or under the control of others, who are charged with the fraud. Brewer v. Proprietors, 104 Mass. 378; Dodge v. Woolsey, 18 How. 331."

A failure to seek action on the part of the corporation itself cannot be excused by vague and general averments of complicity on the part of the directors in the wrongs against which relief is sought. The decree of the circuit court is affirmed.