## TAYLOR v. DECATUR MINERAL & LAND CO.

### (Circuit Court, N. D. Alabama, N. D.   June 10, 1901.)

### No. 236.

1. FEDERAL COURTS—PROCEDURE.
   One federal judge will not review the rulings of another in the same court.

2. SAME—JURISDICTION—VALUE IN CONTROVERSY.
   In a suit for the dissolution of a corporation and the distribution of its assets the amount involved for jurisdictional purposes is the value of the property to be administered.[1]

3. CORPORATIONS—DISSOLUTION—JURISDICTION OF EQUITY.
   In the absence of statutory provisions a court of equity has no jurisdiction to decree the dissolution of a corporation and the distribution of its assets among its stockholders at the suit of one or a minority of such stockholders.

4. SAME—SUIT BY STOCKHOLDER—DEMAND ON CORPORATION.
   Equity Rule 94 does not apply to a suit by a stockholder for a dissolution of the corporation and the distribution of its assets.

5. SAME—RECEIVERS.
   A court of equity will not appoint a receiver for a corporation at suit of minority stockholders merely because they are not satisfied with the management, nor because of alleged fraud or misconduct of the directors, nor on any ground unless in case of pressing necessity, and where a clear right is shown.

In Equity.   On demurrer to amended bill.

Humes, Sheffey & Speake, for complainant.

Cooper & Foster, for defendant.

TOULMIN, District Judge. The bill in this case is filed by a stockholder in the defendant company on behalf of herself and all others who wish to come in and bear a part of the expense to be incurred in the cause. The primary object of the bill is to wind up the defendant company. The prayer is that a receiver be appointed to take charge of the property and assets of the defendant, a corporation, to collect the debts due it, to sell the property, and to distribute the proceeds thereof to the stockholders in the company, and to authorize and direct such receiver to redeem certain property sold as the property of the defendant under an execution against it. Numerous demurrers are interposed to the original bill and to the bill as amended. Such of the demurrers as are filed to the original bill, and which were heretofore considered and overruled by Judge Swayne, then presiding in this court, are not passed on by me further than pro forma to overrule them, as having been ruled on by this court. One judge will not review the rulings of another in the same court. Oglesby v. Attrill (C. C.) 14 Fed. 215, 4 Woods, 114; Reynolds v. Mining Co. (C. C.) 33 Fed. 354.

My conclusions on the points raised by the demurrers under consideration are:

1. That the amount in dispute is sufficient to give the court juris-

---

[1] Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75, and Shoe Co. v. Roper, 36 C. C. A. 459.

diction. The amount in dispute is the value of the property and assets of the defendant which the bill seeks to have administered by the court. Towle v. Society (C. C.) 60 Fed. 131; Putnam v. Carpet Co. (C. C.) 79 Fed. 454; Gibson v. Shufeldt, 122 U. S. 27, 7 Sup. Ct. 1066, 30 L. Ed. 1083; Handley v. Stutz, 137 U. S. 366, 11 Sup. Ct. 117, 34 L. Ed. 706.

2. That the averments of the bill as amended do not warrant the court, without the consent of the majority of the stockholders in the corporation, to take its property out of its hands, to assume control of its management, and to wind up its affairs as if it were dissolved. A court of equity has, in the absence of statutory power, no jurisdiction over corporations for the purpose of decreeing their dissolution and the distribution of their assets among the individual corporators at the suit of one or a minority of their stockholders. 2 Cook, Corp. § 629; McGeorge v. Improvement Co. (C. C.) 57 Fed. 269. A court of equity has no jurisdiction to appoint a receiver and dissolve a solvent corporation on the ground of mismanagement, fraud, and the abuse of corporate powers. Ranger v. Cotton Press Co. (C. C.) 52 Fed. 609; Mason v. Equitable League, 77 Md. 483, 27 Atl. 171, 39 Am. St. Rep. 433; Heap v. Manufacturing Co., 97 Mich. 147, 56 N. W. 349; Pratt v. Jewett, 9 Gray, 34,—in which latter case it is said, "Although the business was a losing one, and the single person, holding a majority of the stock, was mismanaging the business, a dissolution is denied." "Misconduct of the corporate officers is no cause for dissolution at the suit of the minority." Waterbury v. Express Co., 50 Barb. 157; Belmont v. Railroad Co., 52 Barb. 637. There is no doubt, however, that under special circumstances, a corporation may be sued in equity by one or more stockholders where the commission of fraud ultra vires, or any other kind of illegal conduct by or on the part of the corporation and its officers, has caused injury to the stockholder's interest. 20 Enc. Pl. & Prac. 767; Ranger v. Cotton Press Co. (C. C.) 52 Fed. 611. "A court of equity will enjoin on behalf of the stockholders any improper alienation or disposition of the property other than for corporate purposes, and will restrain the commission of acts which are contrary to law, and tend to the destruction of the franchise, as well as the improper management of the business of the corporation, or a wrongful diversion of its funds." Wat. Corp. § 319; Rogers v. Railway Co., 33 C. C. A. 517, 91 Fed. 299. The case of Rogers v. Railway Co., supra, was a bill filed by a minority stockholder against the corporation and the majority stockholders seeking to set aside and cancel a lease of the corporation property alleged to have been fraudulently and without legal authority made by a majority of the directors, and being detrimental to the interests of the corporation. The contract was alleged to be ultra vires and invalid, and the complaint was that a majority of the directors had betrayed their trust by exceeding their corporate powers. The case of Young v. Mining Co. (C. C.) 71 Fed. 810, was a bill filed by a stockholder against a corporation and directors and others to set aside a sale of certain property of the corporation, alleging fraud and conspiracy by the directors in making an unauthorized transfer of such property. The case of Phosphate Co. v. Brown,

20 C. C. A. 428, 74 Fed. 321, was a bill filed by stockholders and creditors against an insolvent corporation, charging that its president and a majority of its directors were in collusion, and seeking by unlawful methods to control the property of the corporation in their interest, and to wreck the company, and praying the appointment of a receiver and for an injunction, etc. The court below granted the prayer of the bill. An appeal was taken, and the court of appeals reversed the case, but in doing so held that equity rule No. 94 had no application to the case. This ruling of the court was the only point in the case of interest here. The case of Land Co. v. Palm, 113 Ala. 531, 21 South. 315, 59 Am. St. Rep. 140, was a bill filed by some of the stockholders of the company for the removal of members of the board of directors, for an injunction to restrain the board from voting unreasonable salaries, for an accounting, and for a cancellation of notes held by certain officers of the company for such unpaid salaries, and for a receiver. None of the cases cited by complainant's counsel and referred to above were like the case at bar. The bill in this case does not seek to enjoin the corporation and its directors from making any illegal or unauthorized contracts, or to enjoin and restrain them from carrying out any such contracts already made by them. It does not seek to enjoin them from paying unreasonable salaries, or from paying the notes alleged to have been given by the directors of the company for such salaries. It does not seek to set aside and cancel any contract made by the company, which is alleged to be illegal or unauthorized. It does not seek to cancel the notes given for the unpaid salaries complained of. It does not seek an accounting from the corporate management. It does not seek on behalf of the stockholders to redeem the property alleged to have been sold under execution and for taxes, and to have been bought by one Carl Gutherz, but the purpose of the bill is to wind up the corporation, and to distribute its assets among the stockholders thereof, and to appoint a receiver therefor, and, as incidental thereto, to authorize such receiver to redeem the property bought by Gutherz as alleged.

3. Equity rule No. 94 does not apply to this case. But the general rule is that a bill filed by a stockholder to redress corporate wrongs must contain an averment that a demand was made upon the corporate agents to bring the suit, and that it had been refused or neglected. Some of the authorities hold that demand on the directors must be made, and on their refusal an appeal should be made to the majority stockholders. Cook, Stock, Stockh. & Corp. Law, § 240; City of Memphis v. Dean, 8 Wall. 73, 19 L. Ed. 326; Rogers v. Railway Co., supra, and authorities therein cited; Allen v. Wilson (C. C.) 28 Fed. 677; Bill v. Telegraph Co. (C. C.) 16 Fed. 14; Land Co. v. Palm, 113 Ala. 531, 21 South. 315, 59 Am. St. Rep. 140. No such demand or appeal was made in this case before the suit was brought. The bill avers that the circumstances were such that a demand would have been an idle ceremony. There is a general charge of fraud, and of collusion between three of the stockholders owning a majority of the stock, and the directors, who, it is averred, are seeking to wreck the corporation; but the only specific facts alleged are that said three stockholders controlled the election of the directors; that

a brother of one of said stockholders and a brother-in-law of another had bought, at sheriff's sale under an execution, certain property of the corporation, which had not been redeemed by the directors; and that some five or six years prior to the filing of the bill the directors then in office paid or agreed to pay unreasonable and excessive salaries to the officers of the company, and gave notes for unpaid balances due on such salaries, and that said notes are still outstanding and unpaid. But there is no allegation that the present directors propose or intend to pay said notes, or that there is any effort being made to collect the same, or that there is any demand of payment of them by the parties holding said notes, and the relief sought is not appropriate to such a case. The supreme court of Alabama, in the case of Land Co. v. Palm, supra, said: "The fact that three of the stockholders of the company controlled the election of the directors does not authorize the legal presumption that the directors would refuse to do their duty when requested by any of the stockholders; and the fact that an appeal to the stockholders would be unavailable does not of itself excuse the minority stockholder who seeks to file such a bill from appealing to the board of directors before filing the bill." Rogers v. Railway Co., supra; Foote v. Mining Co. (C. C.) 17 Fed. 46, 5 McCrary, 251; Ziegler v. Railroad Co. 22 C. C. A. 465, 76 Fed. 662; McGeorge v. Improvement Co. (C. C.) 57 Fed. 262, and authorities therein cited.

But whether a demand in this case was or was not necessary or useless, as I understand the nature and object of the bill, it cannot be maintained by the complainant.

4. That there is no sufficient ground shown in the bill as amended for the appointment or continuance of a receiver. "Dissatisfaction by the minority with the management of the majority is not sufficient for the appointment of a receiver of the corporation." Fluker v. Railway Co., 48 Kan. 577, 30 Pac. 18; 2 Cook, Corp. §§ 740, 741. "A court of equity will not appoint a receiver merely because some of the stockholders disapprove of the management, nor in a stockholder's suit for fraud of directors." Edison v. Phonograph Co., 52 N. J. Eq. 620, 29 Atl. 195; Investment Co. v. Crawford (Tex. Civ. App.) 45 S. W. 738. The infidelity or misconduct of the managers of a corporation affords no ground for taking away the rights of the shareholders who constitute the company either by dissolving it or taking away its management and placing it in the hands of a receiver. Boone, Corp. § 172, and authorities therein cited. "The rule in cases of this kind at the suit of a stockholder is never to resort to the extreme remedy of taking the property out of the hands of the managers chosen and elected by the stockholders, except as a last resort, and when considered to be absolutely necessary for the preservation of the trust fund." United Electric Securities Co. v. Louisiana Electric Light Co. (C. C.) 68 Fed. 673; Rogers v. Railway Co., supra, and authorities therein cited. The appointment of a receiver is an extraordinary remedy, and is only granted in cases of absolute necessity. High, Rec. § 639. "Courts of equity, in the appointment of receivers, act with extreme caution, and require a clear case of right and of pressing necessity to induce their inter-

ference." Kelly v. Railroad Co., 58 Ala. 490; Hughes v. Hatchett, 55 Ala. 631. I do not think the case presented here is one of that character.

A decree will be entered in accordance with this opinion.