FULLER *v.* McCORMICK.

CORPORATIONS — APPOINTMENT OF RECEIVERS — EQUITY JURISDIC-
TION.
    Bill in equity examined, and *held,* to set out no ground for the
    appointment of a receiver to wind up the affairs of defendant
    corporation at the suit of a stockholder.

Appeal from Kalamazoo; Adams, J.    Submitted Janu-
ary 11, 1909.    (Docket No. 51.)    Decided May 25, 1909.

Bill by Horace J. Fuller against Hiram W. McCormick,
Frank D. McCormick, and the Olympic for the appoint-
ment of a receiver for defendant corporation.    From an
order overruling a demurrer, defendants McCormick ap-
peal.    Reversed.

*N. H. Stewart* and *E. M. Irish,* for complainant.

*A. J. Grosbeck,* for appellants.

Complainant, a minority stockholder in, and creditor of,
a corporation named "The Olympic," organized under
Act No. 232 of the Public Acts of 1903, filed his bill, in
which he charges, among other things, that the corpora-
tion is insolvent, and in which he prays that a receiver be
appointed to take charge of and to close its affairs.    The
bill purports to set out inducements to complainant to em-
bark in the business and in the corporation, a history of
the corporation and of the dealings of the defendant
stockholders with the corporation and with complainant,
and expressly refers to chapter 269, 3 Comp. Laws, as
affording sanction for the proceeding and the right to
relief.    The other stockholders and the corporation are
made defendants.    The defendant stockholders demurred
to the bill upon the grounds that:

(a) Complainant is not a judgment creditor of either defendant.

(b) Chapter 269, 3 Comp. Laws, does not confer jurisdiction in the case made by the bill.

(c) A court of equity has no jurisdiction.

(d) The bill states no case for equitable relief against defendants.

(e) The bill is multifarious.

From an order overruling the demurrer, defendants McCormick have appealed.

As complainant asserts in his brief that he filed the bill as a stockholder, and not as a creditor (see *McKee* v. *Garbage Co.*, 140 Mich. 497; *Smith* v. *Manufacturing Co.*, 119 Mich. 11), the question presented is whether the bill states a case for equitable interference at the suit of a stockholder. To quote from the brief for complainant:

"The question in this case is simply this: Whether two men can induce another to put his money into a corporation, and allow the corporation to handle property that he is interested in, and that after such persons have become officers of the corporation they can refuse to pay their stock subscriptions and abandon the whole business."

Complainant's grievances arising out of the conduct of defendants in inducing him to embark in the corporate undertaking, and in inducing him to employ his property and money in reliance upon promises to pay for stock, must be separated from his grievances as a stockholder. For the purposes of this case, the corporation is to be regarded as insolvent. It appears that, of the 1,000 shares of capital stock, defendants McCormick hold 667 shares, that they with complainant are the directors, that Hiram W. McCormick is president, Frank D. McCormick is vice president and secretary, and complainant is treasurer. The articles of association recite that $6,000, in cash, has been paid in, and that nothing has been paid in in other property. But one meeting of stockholders and directors was ever held, which was on May 1, 1907. Defendants have paid in but $750 each, in cash, and have together contributed for the equipment of a small theater personal

property worth no more than $500. The corporation has
rented for five years from September 1, 1907, property at
an annual rental of $2,000, agreeing also to reconstruct
the premises. Complainant has rented in his own name,
but for the corporation, certain premises for five years, at
a monthly rental of $112.50, has expended in refitting and
remodeling the premises $1,500, and has opened an
amusement place, which, up to December 24, 1907, had
yielded no net return. He has paid out some $6,000.
He has advised his co-directors of the situation, and—

"At these respective interviews, said defendants and
each of them would promise to make good and fix their
part of the obligations up in a few days, and promised to
meet your orator in Kalamazoo for that purpose, and your
orator would return home with such agreement and un-
derstanding; but at no time did said defendants or either
of them come to Kalamazoo, and finally your orator be-
came advised that they nor either of them could pay for
their stock subscriptions, or go on with their part of the
enterprise and business entered into, as hereinbefore
shown, with your orator, and said defendants so notified
your orator. And your orator shows and avers that said
defendants and each of them have wholly deserted and
abandoned said company and your orator in the same, and
have failed, neglected, and refused, and still fail, neglect,
and refuse, to make good their and each of their part in
the premises, and because of such failure, neglect, and
refusal on the part of said defendants and each of them to
keep their part to the said agreement with your orator,
your orator has suffered great pecuniary loss, and been
damaged to a very large extent, to wit, to the extent of
$15,000, or thereabouts."

There are other creditors of the corporation.

"Your orator further shows that the said corporation,
The Olympic, is now in such a situation financially that
its property is insufficient to discharge its debts, and that
said corporation is insolvent, and that, as herein shown,
your orator is a creditor of such corporation in the amounts
in this, his said bill, stated, and that in and by his said
bill he expressly charges that the other two defendants,
Hiram W. McCormick and Frank D. McCormick, are

liable for unpaid stock subscriptions to said corporation, The Olympic, and for other sums of money in damages, as in this bill set forth."

Alleging fear that defendants will dispose of certain fixtures and penny slot machines, an injunction restraining them from in any way disposing of the same is asked for.

OSTRANDER, J. (*after stating the facts*). We are referred by counsel for complainant to no authority which supports his right to maintain this bill. Clearly *Hawes* v. *Contra Costa Waterworks Co.*, 104 U. S. 450, is not such an authority. Nor is the jurisdiction invoked conferred by 3 Comp. Laws, §§ 9757, 9759; nor by 3 Comp. Laws, § 8545. The defendant stockholders are charged with no mismanagement of corporate funds. They have not, as stockholders or as directors, acquired money or property or lost or wasted assets of the corporation. If the court were to exercise the visitatorial powers conferred by 3 Comp. Laws, § 9757, it would not reach the matter complained about, which is that the defendant stockholders have not paid for their stock. The insolvency of the company is not ground for interference by a stockholder to wind up its affairs. *Heap* v. *Manufacturing Co.*, 97 Mich. 147.

The decree overruling the demurrer is reversed, with costs of both courts, and a decree will be entered here sustaining the demurrer. The record will be remanded, and complainant will have 30 days after remittitur to amend his bill if he desires so to do.

GRANT, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.