McMILLAN *v*. MILLER.

1. CORPORATIONS—ACCOUNTING—PARTIES—EQUITY.
    In an accounting between stockholders of a corporation
    and its officers and directors, the corporation is a neces-
    sary party.

2. SAME—OFFICERS AND DIRECTORS—MANAGEMENT.
    Equity will not interfere with the management of a cor-
    poration unless fraud or misconduct or some of the wrong-
    ful acts enumerated by 3 Comp. Laws, §§ 9757-9759 (5
    How. Stat. [2d Ed.] § 13530), are set up by the bill.

3. SAME—FRAUD—OFFICERS AND DIRECTORS.
    Averments of complainant's bill for an accounting that
    the board of directors voted to defendants as officers of
    a corporation salaries of $100 a month, although when
    the complainants bought their stock defendants agreed
    not to receive any salary for their services, and aver-
    ments that defendants had executed certain obligations
    of the corporation to their relatives, do not import fraud,
    in the absence of any charge of fraudulent intent.

4. SAME—ADEQUATE REMEDY AT LAW.
    For breach of the alleged contract, complainants have an
    adequate remedy at law.

Appeal from Wayne; Hally, J. Submitted June
16, 1913. (Docket No. 99.) Decided November 3,
1913.

Bill by Enos L. McMillan and Neil McMillan, Jr.,
against Theodore Miller and others. From an order
sustaining defendants' demurrer to the bill of com-
plaint, complainants appeal. Affirmed.

*Galloway & Graham,* for complainants.

*G. Lewis Carter,* for defendants.

KUHN, J. The complainants and the defendants

were all stockholders in a corporation known as the Miller Car Company. The bill of complaint was filed, as stated in complainants' brief, to obtain an accounting from the defendants. The material allegations in the bill of complaint are that the defendants promoted the corporation; that two of the defendants were elected president and secretary and devoted but little time to the business; that the board of directors voted two of the defendants salaries of $100 per month; that the defendants sold their stock interest in the corporation; that complainants had no knowledge of what became of the receipts from the sale of the stock of the corporation; that the records of the corporation were turned over by the defendants in a mutilated and unintelligible condition to the complainants; that two of the defendants, while officers of the corporation, had executed certain obligations of the company to certain persons, relatives of the defendants, "but for what purpose or reason the said obligations were so created complainants are not advised;" that certain of the defendants are claiming obligations of the company to be due and demand for payment has been made. It is also alleged that the complainants entered into a contract with the defendants to purchase stock in the corporation upon the consideration and understanding that the officers thereof should not be allowed to draw a salary, and that subsequently two of the defendants drew salaries at $100 per month. To this bill the defendants demurred for the following reasons:

"*First.* Because it appears by said bill that the complainants have no interest in the subject-matter of said bill of complaint which entitles them to maintain their said bill.

"*Second.* Because the transactions as alleged in said bill of complaint were between the defendants and a third party, the Miller Car Company, which is not a party to the said bill of complaint.

"*Third.* Because it appears by said bill of com-

plaint that each of the complainants have adequate remedies at law.

"*Fourth.* Because it appears from the said bill that no act or transaction alleged in said bill was contrary to any right of the complainants or was in violation of any duty of the defendants, or either of them, to the complainants, and that the complainants suffered no wrong or injury by the defendants, or in consequence of any act or transaction set forth in said bill, of which a court of equity can take cognizance.

"*Fifth.* It appears by said bill that the complainants purchased stock in a certain corporation under certain representations and agreements constituting a contract by and with the defendants, which contract, it is alleged, was broken, and for which breach the complainants have a complete and adequate remedy at law.

"*Sixth.* Because it appears that said bill sets up two distinct matters and causes; that it sets up a contract between each of the complainants and the defendants, and also sets up certain transactions between the defendants and the Miller Car Company, a corporation; and that the bill is altogether multifarious."

The trial court sustained the demurrer and in support of his action gave the following reason:

"The bill as drawn made the Miller Car Company a necessary party because no decree could be made for the payment of any money or the refunding of any money on the portion of the accounting which was also asked for unless the Miller Car Company were a party to the suit."

Five days were given complainants to amend their bill so as to make the Miller Car Company a party defendant. This complainants failed to do, and the bill of complaint was dismissed. Was the circuit judge correct in sustaining the demurrer for the reason given? We think he was, as the case comes clearly within the ruling in the case of *Coxe* v. *Hart,* 53 Mich. 557, 558 (19 N. W. 183), upon which the trial judge relied. In that case this court said:

177 MICH.—33.

"So far as this defendant is concerned, the relief sought is for the benefit of the corporation, and if he releases or accounts, it must be to the corporation and not to the complainant, and in case he has any counter-equities those would also exist against the corporation. It is therefore an indispensable party, so far as he is concerned, and so far as all the defendants are concerned who are charged with defrauding it. *Cicotte* v. *Anciaux*, 53 Mich. 227 [18 N. W. 793]."

As this is a defect which could be rectified, and as the other reasons for demurrer state that the bill does not allege grounds for equitable relief, it is well to consider whether, if the Miller Car Company were made a party, the complainants would be entitled to any relief in this proceeding. Complainants say that the equity court has jurisdiction to give the relief prayed for by virtue of sections 9757-9759, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13530). A careful examination of the eight provisions of section 9757 shows, however, that the allegations of the bill do not come within any one of them. The bill does not charge that the defendants failed to account for the funds and property committed to their charge as officers of the corporation, or that the defendants have lost or wasted by violation of their duties any sums of money or property, or that they have acquired any of the property of the corporation to themselves, or that an officer should be suspended or removed for abusing his trust or because guilty of gross misconduct, or that there are any vacancies to fill, or that any alienation of property of the corporation has been or is about to be made by the officers, contrary to law. The complainants have no right to such an accounting as prayed for unless authority is conferred by statute.

In *Cicotte* v. *Anciaux*, 53 Mich. 227, 235 (18 N. W. 793), the court said:

"In the absence of a statute, it is well settled, and has always been recognized law, that courts of equity can never interfere with the action of such officers as have been placed by the corporation itself in the control of its affairs, unless either in excess of their discretion or in aggravated cases of misconduct amounting to actual or constructive fraud."

See, also, *Aldrich* v. *Chair Co.*, 152 Mich. 369 (116 N. W. 461); *Fuller* v. *McCormick*, 156 Mich. 518 (121 N. W. 280).

If fraud were properly charged, the bill could be maintained under authority of *Miner* v. *Ice Co.*, 93 Mich. 97 (53 N. W. 218, 17 L. R. A. 412), but in no portion of the bill of complaint is it charged that any act of the defendants complained of was done with a fraudulent intent. Fraud cannot be inferred from these acts, as they are proper and correct transactions and do not of themselves import fraud. *Hale* v. *Chandler*, 3 Mich. 531.

With reference to the claim of complainants that they contracted to purchase the stock in consideration that no salaries were to be paid the officers, it is clear that, if complainants' claim is correct, they have an adequate remedy at law. As stated in defendants' brief:

"The amount of those salaries paid out of the assets of the corporation has reduced the value of complainants' stock in proportion to their holdings, and for the wrong alleged in the payment thereof complainants may recover their loss from the defendants at law."

The order of the circuit judge sustaining the demurrer will be affirmed, with costs of both courts to defendants. The record will be remanded, and complainants will be allowed 20 days to amend their bill, if they desire so to do.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.