## UNITED STATES v. SCHENCK et al.

District Court, S. D. New York.
July 16, 1941.

Mathias F. Correa, U. S. Atty., of New York City (Bruno Schachner and R. Lewis Townsend, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Garey & Garey, of New York City, for petitioner.

District Court, S. D. New York.
July 31, 1941.

Mathias F. Correa, U. S. Atty., of New York City (Bruno Schachner and R. Lewis Townsend, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Garey & Garey, of New York City, for petitioner.

BRIGHT, District Judge.

Alfred C. Blumenthal, through his attorneys, now moves for an order recalling my decision dated July 16, 1941, denying his previous motion to set aside an order of the Honorable Grover C. Moscowitz dated March 11, 1941, and a subpoena issued thereunder directed to Mr. Blumenthal, and why the United States Attorney should not be restrained from instituting and prosecuting any proceedings to have the moving party adjudged guilty of contempt. The ground upon which this motion is based is that the original motion to set aside the order and subpoena had been decided by Judge Moscowitz. It is not contended that any order was entered upon any such decision, but that Judge Moscowitz stated that he could not determine the matter upon affidavits and that depositions should be taken. That, of course, was not a decision of the motion.

The file in the matter shows, however, that Judge Moscowitz reserved decision on May 6, 1941; that on June 20, 1941, he endorsed upon the moving papers "With Judge Knox's consent this motion is respectfully referred to him"; that on July 10th 1941 Judge Knox endorsed thereon "Respectfully referred to Judge Bright". The motion was then argued before me upon the merits, and decided July 16th 1941.

Counsel for Mr. Blumenthal cites the cases of Boatmen's Bank of St. Louis v. Fritzlen, 8 Cir., 135 F. 650, Taylor v. Decatur Mineral Land Co., C.C., 112 F. 449,

Hayes v. Dayton, C.C., 20 F. 690; Wells Fargo & Co. v. Cuneo, D.C., 241 F. 727, Griffin White Shoe Co. v. O'Connor & Goldberg, D.C., 277 F. 1012, and In re Markowitz, D.C., 233 F. 715, in each of which cases it is obvious a formal order or judgment was entered. These cases, in my opinion, are clearly distinguishable from the present situation. Certainly, no court or judge had passed upon the merits of the original motion before the same was referred to me, and when the motion was referred, it was not for the purpose of taking depositions, or for further proof, but was without limitation.

Under the circumstances, therefore, I do not feel that I am in any way running counter to any decision made by a judge of co-ordinate jurisdiction, and the motion is, therefore, denied. See Potts v. Village of Haverstraw, 2 Cir., 93 F.2d 506, at page 509.