# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER FOLTZ,

Plaintiff-Appellant,

v

JULIE FOX,

Defendant-Appellee.

UNPUBLISHED
July 18, 2017

No. 332256
St. Clair Circuit Court
LC No. 15-002575-NI

Before: GADOLA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

In this personal injury suit, plaintiff appeals as of right from an order of the trial court granting summary disposition in favor of defendant for the reason that the applicable statute of limitations expired before the suit was filed. We affirm.

## I. FACTS

Plaintiff alleges she was injured in an accident that occurred on June 5, 2012. It is not disputed that the statute of limitations applicable to plaintiff's claim is MCL 600.5805(10), which applies to "all actions to recover damages . . . for injury to a person or property." Under this statute, a claim must be filed within three years "after the time of the . . . injury . . . ." MCL 600.5805(10).

Plaintiff initiated her first lawsuit on March 31, 2015, approximately two months before the statutory period expired. However, and despite being granted an extension of the summons, plaintiff did not serve her complaint on defendant. The suit was dismissed for nonservice on October 21, 2015. Plaintiff then took two actions in an attempt to save her case. First, she attempted to convince the trial court to again extend the summons and to reopen her first case. At the same time, she filed a second complaint, which she was able to serve on defendant within a month.

Plaintiff's request for a third chance to serve her complaint was denied by the trial court. Plaintiff filed a claim of appeal in this Court, but the appeal was dismissed for "failure to pursue the case in conformity with the rules. MCR 7.201(B)(3) and 7.216(A)(10)." *Foltz v Fox*, unpublished order of the Court of Appeals, entered February 23, 2016 (Docket No. 331188). Plaintiff took no further action with regard to that suit.

Plaintiff's second complaint is the subject of this dispute. After being served with plaintiff's second complaint, defendant filed a motion for summary disposition, arguing that the complaint was barred by the applicable statute of limitations. In response, plaintiff contended that for various reasons, the statute of limitations was tolled. The trial court disagreed, and granted summary disposition in defendant's favor. Plaintiff now asks this Court to reverse that decision.

## II. DISCUSSION

### A. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). "We also review de novo the question whether a claim is barred by the statute of limitations and the issue of the proper interpretation and applicability of the limitations periods." *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014). Defendant's motion cited both MCR 2.116(C)(7) and (C)(8). However, the basis of the motion was clearly that the statute of limitations had expired. Such a motion is properly considered under MCR 2.116(C)(7). See *Nuculovic*, 287 Mich App at 61.

> In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor. The Court must consider affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties, to determine whether a genuine issue of material fact exists. These materials are considered only to the extent that they are admissible in evidence. [*Id*. (citations omitted).]

### B. ANALYSIS

Plaintiff first contends that tolling is warranted under MCL 600.5856, which provides:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
>
> (b) At the time jurisdiction over the defendant is otherwise acquired.
>
> (c) At the time notice is given in compliance with the applicable notice period under [MCL 600.]2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given. [Footnote omitted.]

Applying the plain language of subsection (a), plaintiff's first suit failed to toll the statute of limitations because it was never properly served. Subsection (b) does not apply for reasons to be discussed later in our opinion. Subsection (c) has no applicability to this matter. The notice

referenced in that subsection applies only to medical malpractice suits. See MCL 600.2912b. As none of these provisions apply, MCL 600.5856 is of no assistance to plaintiff.

Plaintiff's first argument does not specify a particular subsection of the statute. Rather, plaintiff contends that, as a general premise, "The tolling statute applies to prior lawsuits between parties, which have not been adjudicated on the merits." Plaintiff argues that because the first suit was dismissed for nonservice, it was never adjudicated on the merits, and thus, tolled the statute of limitations from the date it was filed until it was dismissed. Plaintiff is incorrect.

Plaintiff relies on *Buscaino v Rhodes*, 385 Mich 474, 482; 189 NW2d 202 (1971), overruled by *Gladych v New Family Homes, Inc*, 468 Mich 594 (2003). *Buscaino* concerned a matter where a complaint was filed with the trial court before the applicable statute of limitations expired, but was not served on any defendant until after the expiration of the statutory period. *Id*. at 477. Relying on 1963 GCR 101, which the Court found controlling over MCL 600.5856, the Court concluded that the mere filing of a complaint was sufficient to commence the action, and thus, the statute of limitations was not a bar to the suit. *Id*. at 477-483. In an effort to explain the purpose of MCL 600.5856, the Court stated, "MCLA 600.5856 . . . merely provides a substitute for the repealed CL 1948, § 609.19 . . . . It deals only with prior lawsuits between the parties which have not adjudicated the merits of the action." *Id*. at 482. Relying on *Buscaino*, plaintiff contends that her first suit was not adjudicated on the merits, and thus, MCL 600.5856 applies.

Plaintiff's reliance on *Buscaino* faces two major impediments. First, the *Buscaino* Court's interpretation of MCL 600.5856 has since been overruled. *Gladych*, 468 Mich at 594. The *Gladych* Court held that the filing of a complaint does not, alone, stop the statute of limitations from running. *Id*. at 598-599, 605. Rather, one of the events described in MCL 600.5856 must also occur. *Id*. The *Gladych* Court also explicitly rejected the *Buscaino* Court's description of the purpose of MCL 600.5856. *Id*. at 605 ("Nothing in the statutory language of either § 5805 or § 5856 permits limiting § 5856 to claims in which prior actions were not adjudicated on the merits"). Second, the statutory language that was primarily at issue in *Buscaino* no longer exists. In response to *Gladych*, our Legislature enacted 2004 PA 87, which removed from MCL 600.5856 language discussed in *Buscaino* that tolled a statute of limitations when a complaint was filed and a copy was, in good faith, given to an officer for service. See *Buscaino*, 385 Mich at 477, 480-483. Our Legislature also rewrote MCL 600.5856(a). Under the current version of the statute, a statute of limitations is tolled "[a]t the time the complaint is filed, *if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules*." MCL 600.5856(a) (emphasis supplied).

Thus, under the law applicable to this suit, the filing of plaintiff's initial complaint alone was not enough to toll the statute of limitations. *Gladych*, 468 Mich at 605. Rather, plaintiff also had to meet one of the tolling provisions of MCL 600.5856 to stop the statute from running. *Id*. Under the current version of MCL 600.5856(a), for the filing of a complaint to toll a statute of limitations at the moment it is filed, the complaint must also be "served on the defendant within the time set forth in the supreme court rules." MCL 600.5856(a). It is undisputed that

plaintiff's first complaint was never served on defendant. Accordingly, the filing of the first complaint did not toll the statute of limitations. *Gladych*, 468 Mich at 605.[1]

Plaintiff also argues that subsection (b) of MCL 600.5856 applies in this matter. This subsection tolls the statute of limitations "[a]t the time jurisdiction over the defendant is otherwise acquired." MCL 600.5856(b). Plaintiff contends that jurisdiction was "otherwise acquired" over defendant at the time the first complaint was filed pursuant to MCL 600.705.[2] This argument, too, is flawed.

Generally, a trial court obtains personal jurisdiction over an individual when that individual is served with process "or by voluntary appearance." *Lucking v Welbilt Corp*, 353 Mich 375, 385; 91 NW2d 346 (1958). Personal jurisdiction may also be established by consent. MCL 600.701(3); *Lease Acceptance Co v Adams*, 272 Mich App 209, 219; 724 NW2d 724 (2006). It is these types of actions—i.e., substitutes for personal service—that are contemplated by MCL 600.5856(b). As was explained in *Mair v Consumers Power Co*, 419 Mich 74, 82; 348 NW2d 256 (1984):

> Following as it does a description of how court jurisdiction is obtained by service of process, the subsection 2 phrase "jurisdiction otherwise acquired" more logically refers to the ways of acquiring jurisdiction other than by service of process, such as consent of the defendant. Thus, the structure of the tolling statute precludes the conclusion that the Legislature intended it to include nonjudicial activity as tolling events.

*Mair* precludes the result advocated for by plaintiff. Plaintiff would similarly ask that nonjudicial activity—specifically, defendant's conduct with regard to the accident and defendant's ownership of property in the state— dictate whether the statute of limitations was tolled by the first lawsuit. *Mair* instructs otherwise.

Plaintiff contends that because defendant and her insurance company had notice that a suit would be filed within the statutory period, the claim should be allowed to proceed. The case primarily relied upon by plaintiff, *Matti Awdish, Inc v Williams*, 117 Mich App 270; 323 NW2d 666 (1982), actually holds the opposite. In *Matti Awdish, Inc*, this Court explained that "mere

---

[1] Plaintiff cites *Federal Kemper Ins Co v Isaacson*, 145 Mich App 179; 377 NW2d 379 (1985), and *Stewart v Mich Bell Tel Co*, 39 Mich App 360; 197 NW2d 465 (1972), in further support of her argument. Both cases relied on *Buscaino*'s reading of the former version of MCL 600.5856, and thus, have limited, if any, relevance to this suit. *Federal Kemper Ins*, 145 Mich App at 183; *Stewart*, 39 Mich App at 365-369. And in any event, given that both *Stewart* and *Federal Kemper* were decided prior to November 1, 1990, neither binds this Court. MCR 7.215(J)(1).

[2] MCL 600.705 is Michigan's long-arm statute, a statute that permits courts of this state to exercise limited personal jurisdiction over nonresidents. See *Green v Wilson*, 455 Mich 342, 348-350; 565 NW2d 813 (1997) (KELLY, J.).

knowledge of a lawsuit on the part of a potential party does not preclude that party from asserting a statute of limitations defense . . . ." *Id*. at 278.[3]

Plaintiff also argues for the application of equitable tolling. Plaintiff directs the Court to *Chabad-Lubavitch of Michigan v Schuchman*, 305 Mich App 337; 853 NW2d 390 (2014), rev'd 497 Mich 1021 (2015). In that case, this Court applied the doctrine of equitable tolling to conclude that the applicable statute of limitations in that case could be tolled while the parties engaged in mandatory "ecclesiastical dispute resolution proceedings." *Id*. at 344-346. Plaintiff fails to note that this Court's decision in *Chabad-Lubavitch* was reversed by our Supreme Court in a brief, peremptory order:

> On order of the Court, the motion for miscellaneous relief is GRANTED. The application for leave to appeal the May 22, 2014 judgment of the Court of Appeals is considered, and pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals because there are no grounds on which to equitably toll the statute of limitations. MCL 600.5827 and MCL 600.5829 govern the accrual of the plaintiff's claims. The statutory scheme is exclusive, and neither statute contains a provision to toll the period of limitations. See *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378; 738 NW2d 664 (2007). The application for leave to appeal as cross-appellants is considered, and it is DENIED as moot. [*Chabad-Lubavitch*, 497 Mich at 1021.]

The case cited by our Supreme Court's order, *Trentadue*, explains with regard to equitable tolling:

> As we clarified in *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 590 n 65; 702 NW2d 539 (2005), however, our use of equity in *Bryant* [*v Oakpointe Villa Nursing Centre, Inc*, 471 Mich 411; 684 NW2d 864 (2004)] *is limited to those circumstances when the courts themselves have created confusion.* In *Bryant*, the use of equity was appropriate because of "the preexisting jumble of convoluted caselaw through which the plaintiff was forced to navigate." *Devillers*, supra at 590 n 65. Here, in contrast, plaintiff has not detrimentally relied on confusing, pre-existing case law. By its very nature, the discovery rule does not lend itself to detrimental reliance; plaintiffs seeking to invoke it do not wait to bring suit because they expect to rely on the rule, but because they claim that external factors prevented them from discovering their claims.

---

[3] Plaintiff also cites *Cronin v Minster Press*, 56 Mich App 471; 224 NW2d 336 (1974) as support. Like other authorities relied on by plaintiff, *Cronin* was decided under an earlier version of MCL 600.5856. It also concerned a different issue, that being whether a complaint filed in a different jurisdiction tolled the statute of limitations with regard to a complaint filed in Michigan. *Cronin*, 56 Mich App at 472-473. And in any event, *Cronin* is not binding on this Court because it was decided prior to November 1, 1990. MCR 7.215(J)(1).

Perhaps most significantly, in *Bryant*, no controlling statute negated the application of equity; rather, this Court's caselaw determined whether a claim sounded in medical malpractice or ordinary negligence. *Devillers*, supra at 590 n 65. To the contrary, in the instant case, the statutory scheme controls limitations periods, accrual, and tolling, just as the no-fault act, specifically MCL 500.3145(1), controlled the outcome in *Devillers*. *Id*. As we opined in *Devillers*, supra at 591, if courts are free to cast aside a plain statute in the name of equity, even in such a tragic case as this, then immeasurable damage will be caused to the separation of powers mandated by our Constitution. Statutes lose their meaning if "an aggrieved party need only convince a willing judge to rewrite the statute under the name of equity." *Id*. Significantly, such unrestrained use of equity also undermines consistency and predictability for plaintiffs and defendants alike. [*Trentadue*, 479 Mich at 406-407 (emphasis supplied; footnote omitted).]

*Trentadue* instructs that equitable tolling is only available in circumstances where the courts themselves have created confusion regarding the time in which a party has to file a claim. Here, no court caused any confusion to plaintiff. Rather, plaintiff's arguments all focus on the relative prejudice to the parties if the case is not permitted to proceed. These arguments have no relevance under *Trentadue*. As such, plaintiff has not demonstrated that equitable tolling should apply to save her claim.[4]

In the final paragraph of her brief on appeal, plaintiff argues that it would be "against public policy and the interest of justice" to affirm the trial court's decision. Plaintiff again explains that defendant and her attorney knew of the potential suit, and argues that defendant would not be prejudiced if the suit is allowed to continue. Plaintiff contends that she, on the other hand, will be severely prejudiced if she is not permitted to pursue her complaint. Again, mere knowledge of the possible suit by defendant is not sufficient to avoid the statute of limitations. *Matti Awdish, Inc*, 117 Mich App at 278. And as for the prejudice suffered by plaintiff, while perhaps unfortunate, she is no different than any other plaintiff who, by operation of a statute of limitations, is unable to pursue a claim. It is the role of the Legislature, not the courts, to address matters of public policy. *Myers v City of Portage*, 304 Mich App 637, 644; 848 NW2d 200 (2014). Our Legislature has deemed it the policy of this state to place certain limits on how long a plaintiff may wait before filing suit. Plaintiff failed to comply with those limitations.

---

[4] Plaintiff discusses the showing of prejudice necessary for a defendant to assert the equitable doctrine of laches. See, e.g., *Knight v Northpointe Bank*, 300 Mich App 109, 115; 832 NW2d 439 (2013) ("It is the prejudice occasioned by the delay that justifies the application of laches"). Defendant does not assert laches, and accordingly, plaintiff's discussion of the doctrine is not relevant.

Defendant discusses the doctrine of equitable estoppel in her brief on appeal, and argues that plaintiff fails to satisfy the requirements of this doctrine. See, e.g., *Doe v Racette*, 313 Mich App 105, 108-109; 880 NW2d 332 (2015). Plaintiff does not assert equitable *estoppel*; she asserts equitable *tolling*.

Affirmed.  Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Michael F. Gadola
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood