*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* FORFEITURE OF $11,213.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

$11,213,

        Defendant-Appellee,

and

ARUN JETHALAL RAMBHIA,

        Claimant-Appellee.

and

MICHIGAN STATE POLICE,

        Other Party.

UNPUBLISHED
December 19, 2024
9:51 AM

No. 366115
Wayne Circuit Court
LC No. 18-008506-CF

---

Before: O'BRIEN, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

This appeal arises from civil forfeiture proceedings brought against $11,213 that the Michigan State Police (MSP) seized during a traffic stop of claimant. During the stop, the MSP also seized 15 pounds of marijuana found inside claimant's vehicle. Criminal proceedings were commenced against claimant in relation to the seized marijuana, but the charges were dropped after it was determined that claimant was immune under the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.* After the criminal charges against claimant were dismissed, the court in this action entered a stipulated order requiring that the currency at issue be returned to claimant. Claimant later found out that the MSP had destroyed the marijuana it seized from him, and he requested that the trial court order that he be compensated the fair market value of the

destroyed property. The trial court determined that it did not have authority to order the MSP to pay claimant for the destruction of his property, but it believed that claimant was nevertheless entitled to compensation. The court accordingly ordered the Wayne County Prosecutor's Office, who brought this action, to pay claimant $66,328 for the destroyed marijuana. Plaintiff appeals that order by delayed leave granted.[1] We reverse.

## I. BACKGROUND

In 2016, the MSP pulled over claimant for traffic violations. During the ensuing traffic stop, officers found and seized $11,213 in currency and 15 pounds of marijuana. In 2018, plaintiff initiated forfeiture proceedings against the currency in the trial court. Shortly thereafter, the trial court in claimant's attendant criminal case related to the seized marijuana dismissed all charges against claimant, finding that he was immune from prosecution under the MMMA. In 2019, claimant moved to dismiss the forfeiture proceedings in this case and for the court to enter an order returning his property to him. In January 2020, the trial court entered a stipulated order of voluntary dismissal in which the court ordered the return of the $11,213 at issue in this case to claimant. The order made no reference to the seized marijuana and stated that it was a final order that closed the case "except in regards to any motion for costs, fee, [a]ttorney fees, or sanctions."

The currency was not timely released to claimant, and in September 2020, claimant filed a motion requesting a show-cause order to have plaintiff explain why it had still not returned the currency to claimant. In tandem with this motion, claimant filed a second motion requesting interest on the $11,213 as well as compensation for the marijuana that was seized. On the latter point, claimant asserted that the seized marijuana had been destroyed by the MSP[2] and requested compensation for this destroyed property "at a fair market value." At an October 2020 hearing on claimant's motion, plaintiff confirmed that the seized marijuana had been destroyed by the MSP, and the trial court stated that, if that was true, then claimant was entitled to "whatever the value of" the destroyed property was. The court asked the parties to "work out a number" and said that, once the court received that "number," the court would decide whether it was appropriate.

Following this hearing, this action laid dormant until January 2022, at which time the trial court entered an order stating that the fair market value of the destroyed marijuana was $66,328. The order did not state who was responsible for paying this amount, providing instead that the court would hear argument about "who is the responsible party for" paying the sum.

In a motion filed after this order was entered, claimant argued that both the Wayne County Prosecutor's Office and the MSP were both responsible for the $66,328. Plaintiff, in contrast, argued that the court should not even be considering claimant's claim for compensation for the destroyed marijuana because claimant had to raise that claim in a separate action. If the trial court was inclined to address the marijuana issue, however, plaintiff contended that the Wayne County

---

[1] *In re Forfeiture of $11,213*, unpublished order of the Court of Appeals, entered September 11, 2023 (Docket No. 366115).

[2] A document later provided by the MSP showed that the MSP destroyed the marijuana on July 14, 2020.

Prosecutor's Office was merely representing a party to this action as an attorney, and that it was not otherwise responsible for the destruction of the marijuana. Plaintiff argued that the Wayne County Prosecutor's Office and the MSP were separate legal entities, and that, because the MSP's destruction of the marijuana was "at the heart of this matter," the MSP should be added as a party. That was especially true, according to plaintiff, because claimant was arguing that the MSP was partially responsible for the $66,328 owed to claimant, and the MSP was entitled to an opportunity to defend against that charge. At a July 2022 hearing on the parties' motions, the trial court declined to rule on claimant's motion, believing it was prudent to first add the MSP as a third party. MSP was accordingly added as a party to this matter in August 2022.

Shortly thereafter, the MSP moved to be dismissed from this action, arguing that the trial court lacked jurisdiction over any claim against the MSP under MCL 600.6419. That statute, according to the MSP, granted the Court of Claims exclusive jurisdiction over any claim against, or demand of money from, the MSP. At a hearing on the MSP's motion on September 8, 2022, the trial court agreed with the MSP's position and dismissed the MSP from the case.

On September 15, 2022, the trial court heard claimant's argument that the prosecutor's office was liable to claimant for the destruction of his property. At the hearing, the court told plaintiff's attorney that "[s]omebody's responsible" for the destruction of claimant's property and the court only had jurisdiction over the prosecutor's office. When plaintiff insisted that the prosecutor's office should not be held responsible, the court responded that the prosecutor's office could pay claimant for the destroyed property then seek reimbursement from the MSP, and it characterized plaintiff's argument to the contrary as asking the court to do the prosecutor's office's "dirty work." The court stated that it "ultimately believes it's the State Police" who were responsible for compensating claimant for the destroyed marijuana, but because the court did not have jurisdiction over the MSP and "all [it had was] the prosecutor," the court was "going to enter an order that the prosecutor pay" claimant for the destroyed marijuana. The court did not explain the legal basis for its ruling, saying only "let the Court of Appeals sort it out."

This appeal followed.

## II. PRESERVATION AND STANDARD OF REVIEW

Plaintiff principally argues on appeal that the trial court lacked subject-matter jurisdiction to address claimant's request to be compensated for the destroyed marijuana. Claimant adamantly disputes that plaintiff raised this issue below, but even if that is true, it is of no import. Plaintiff clearly raises its jurisdictional challenge on appeal, so it is incumbent upon this Court to resolve whether the lower court had jurisdiction over claimant's claim. See *Lehman v Lehman*, 312 Mich 102, 105; 19 NW2d 502 (1945) ("The question of jurisdiction was not raised in the trial court, but it is raised and should be determined on this appeal."). Whether a court has subject-matter jurisdiction over a dispute is a question of law reviewed de novo. *Hillsdale Co Senior Servs., Inc v Hillsdale Co*, 494 Mich 46, 51; 832 NW2d 728 (2013).

## III. ANALYSIS

We begin our analysis by properly framing the dispute that the trial court exercised jurisdiction over. The dispute did not concern the return of the seized marijuana to claimant, as

-3-

claimant never requested the return of that property. Claimant first mentioned the seized marijuana on September 24, 2020—eight months after January 22, 2020, when the final order in this case was entered, and two months after July 14, 2020, when the MSP destroyed the marijuana. So, by the time claimant first mentioned the seized marijuana, it had already been destroyed, and claimant was not asking for its return. Rather, on September 24, 2020, claimant asked to be compensated the fair market value of the by-then-destroyed marijuana.

Claimant's request to be paid the fair market value of the destroyed marijuana was clearly a claim for damages; claimant was demanding payment to compensate him for the loss of his property. See *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 554; 640 NW2d 256 (2002) (defining "claim" to include a demand for payment); *Black's Law Dictionary* (12th ed. 2024) (defining "damages" as money paid to "a person as compensation for loss"). Rather than bringing this claim in a separate action, claimant attempted to bring this claim in a postjudgment motion as part of this forfeiture action. This decision was the catalyst for all of the confusion in this case.

Claimant has never identified the legal basis that allowed him to raise a claim for damages in a postjudgment motion of a forfeiture action. All of the cases he cited in the trial court and on appeal concern a trial court's authority to order the return of property that was used as evidence in a proceeding before the court. See *People v Rosa*, 382 Mich 163; 169 NW2d 297 (1969); *People v Washington*, 134 Mich App 504; 351 NW2d 577 (1984); *In re Prop Held by City of Detroit, Dep't of Police*, 141 Mich App 302; 367 NW2d 376 (1985). Those cases are inapplicable to the issue presented in this case because claimant never requested the return of the marijuana that was to be used as evidence in this forfeiture action. It follows that the question is not whether the trial court had authority to order the return of the marijuana. Claimant instead requested that he be compensated for the destroyed marijuana, and the question is whether he could raise this claim in a postjudgment motion as part of this forfeiture action.

Given the nature of plaintiff's claim, we conclude that he could not. The trial court here was a circuit court, meaning that it was a court "of general jurisdiction, with original jurisdiction to hear and determine all civil claims and remedies" except when jurisdiction is exclusively granted to another court. *Bowie v Arder*, 441 Mich 23, 50; 490 NW2d 568 (1992), citing MCL 600.605. It is undisputed that the MSP destroyed the marijuana, so there can be no serious dispute that the MSP is at least partially if not entirely responsible for claimant's loss. The trial court properly recognized this and ordered that the MSP join this action as a necessary party under MCR 2.205(A). The trial court also properly recognized that it did not have jurisdiction to address any claim against, or demand of money from, the MSP in light of MCL 600.6419, which granted the Court of Claims exclusive subject-matter jurisdiction over such matters.[3] Because the Court of

---

[3] MCL 600.6419(1)(a) states that the court of claims has exclusive jurisdiction:

> [t]o hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or

Claims had exclusive jurisdiction over any claim against the MSP, and because claimant's claim for compensation for the destroyed marijuana could only proceed if the MSP was a party to the action,[4] the trial court lacked subject-matter jurisdiction to adjudicate claimant's claim for compensation for the destroyed marijuana.[5] The proper remedy for a lack of subject-matter jurisdiction over a claim is not to hold anyone over which the court has jurisdiction liable, but to dismiss the claim. See *Bowie*, 441 Mich at 56.[6]

Claimant argues that plaintiff agreed to return the marijuana to claimant, and the trial court's ordering plaintiff to compensate claimant for the destroyed marijuana was merely the court exercising ancillary jurisdiction to enforce the terms of a breached settlement agreement. Claimant does not cite to where plaintiff supposedly agreed to return the marijuana, however. And after independently reviewing the lower court record in this case, we are unable locate any record of plaintiff agreeing to return the marijuana to claimant.

To the extent that claimant more generally argues that ancillary jurisdiction attached to his claim for compensation of the destroyed marijuana, we disagree. This Court has explained that

> ancillary jurisdiction should attach where: (1) the ancillary matter arises from the same transaction that was the basis of the main proceeding, or arises during the

---

any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court.

The MSP is a state department subject to this subsection. See MCL 28.2 (creating the department of the Michigan State Police).

[4] Claimant seemingly concedes that the MSP must be a party to resolve his claim, stating in his appellate brief, "The MSP must be a party to the case, as they were the agency that destroyed the property, and the agency that was in exclusive control of the property."

[5] The failure to join a necessary party under MCR 2.205(A) is not always fatal to a court's authority to decide a claim for which the party's presence is required. MCR 2.205(B) states, "If jurisdiction over [the necessary party] can be acquired only by their consent or voluntary appearance, the court may proceed with the action and grant appropriate relief to persons who are parties to prevent a failure of justice." This exception clearly only relates to circumstances in which a court cannot exercise personal jurisdiction over the necessary party, however. Accord *Lucking v Welbilt Corp*, 353 Mich 375, 385; 91 NW2d 346 (1958) (recognizing that a court can obtain personal jurisdiction over a party "by voluntary appearance"). The trial court here did not lack personal jurisdiction over the MSP. Rather, it lacked subject-matter jurisdiction to hear any claim against the MSP. See MCL 600.6419.

[6] We are confused as to why the trial court believed it proper to hold the Wayne County Prosecutor's Office liable for claimant's claim. While this action was brought by the Wayne County Prosecutor's Office, the prosecutor's office was not, itself, a party to the action. This means that, assuming that claimant could file a counterclaim in this forfeiture action and that he attempted to do so against the prosecutor's office, it would have been improper, as one cannot counterclaim against a non-party. See, e.g., MCR 2.205(A) (requiring joinder of a party whose "presence in the action is essential to permit the court to render complete relief").

-5-

course of the main matter, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact-finding proceeding; (3) determination of the ancillary matter through an ancillary order would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be settled to protect the integrity of the main proceeding or to insure that the disposition in the main proceeding will not be frustrated. [*People v Young*, 220 Mich App 420, 435; 559 NW2d 670 (1996).]

Utilizing these guidelines, and assuming for the sake of argument that ancillary jurisdiction could attach to claimant's claim for compensation for the destroyed marijuana, it clearly did not. First, the destruction of the marijuana and who was responsible for compensating claimant for his loss did not arise from the same transaction that was the basis for this forfeiture action, nor did it arise during the course of the main matter—the marijuana was destroyed six months after the final order closing this case was entered. Additionally, the destruction of the marijuana and who was responsible for compensating claimant for that loss are entirely separate from this forfeiture action.

Second, it is possible, though unclear, that a substantial new fact-finding proceeding would be necessary to resolve claimant's claim for compensation. It is uncontested that the MSP destroyed the marijuana, which would seem to make the MSP mostly if not entirely responsible for compensating claimant for the loss of the marijuana. In the trial court, however, claimant argued that both the MSP and the Wayne County Prosecutor's Officer were responsible for his loss. In light of this argument, deciphering who bears responsibility for claimant's loss and to what extent is unclear and could require substantial new fact-finding.

The third consideration particularly supports concluding that ancillary jurisdiction did not attach to claimant's claim for compensation. The MSP destroyed the marijuana, so the MSP's involvement is clearly necessary to fully resolve claimant's claim. But the MSP is not a party to this case, nor could it be made a party. As explained, the trial court did not have jurisdiction to address any claim against, or demand of money from, the MSP in light of MCL 600.6419, which granted the Court of Claims exclusive jurisdiction over such matters.

Turning to the final consideration, this action sought the forfeiture of seized money, and the trial court ultimately determined that the money was not subject to forfeiture, so it was returned to claimant. Compensating claimant for the destruction of the marijuana was not necessary to ensure that this disposition was not frustrated. That said, the integrity of this proceeding could be implicated by not compensating claimant for the destroyed marijuana in that the marijuana was to be used as evidence in this proceeding, which prevented claimant from recovering the marijuana while the case was pending. See *Washington*, 134 Mich App at 507; *People v Humphrey*, 150 Mich App 806, 814; 389 NW2d 494 (1986).[7] Given claimant's delay in requesting the marijuana,

---

[7] We note, however, that claimant could have recovered the marijuana at one point after his criminal case concluded but before this forfeiture action concluded. The marijuana was seized on October 31, 2016. This forfeiture action was instituted on July 20, 2018, and claimant's attendant criminal case was dismissed on July 23, 2018. Claimant was not initially served with the complaint in this action, however, so it is unclear how claimant knew or could have known that this action

-6-

however, this consideration is not particularly salient. The final order resolving this action was entered on January 22, 2020. That order required that the defendant-currency be returned to claimant; the order made no mention of the seized marijuana. Both parties stipulated to this order. The seized marijuana was not mentioned by claimant until September 24, 2020—eight months after the order resolving this forfeiture action was entered, and two months after the marijuana was destroyed. Claimant had ample opportunity to request the return of the marijuana, but he never did so. He instead waited until after the marijuana was destroyed and then requested its fair market value. Under such facts, the integrity of this forfeiture action is not implicated by leaving claimant's request to be compensated for the destroyed marijuana unresolved. Once claimant found out that the marijuana had been destroyed, he could and should have brought a separate action naming the parties responsible for the destruction of his property in the appropriate forum— the Court of Claims.

As the foregoing makes plain, if ancillary jurisdiction could have attached to claimant's claim, it did not. More generally, we conclude that, because the MSP was a necessary party to resolve claimant's claim for compensation for the destroyed marijuana, the Court of Claims had exclusive jurisdiction over the claim. This in turn deprived the trial court of jurisdiction to resolve claimant's claim. Because it lacked subject-matter jurisdiction over claimant's claim for compensation for the destroyed marijuana, the trial court should have dismissed the claim rather than holding the Wayne County Prosecutor's Office liable for it.

Reversed.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Sima G. Patel

---

was pending when his criminal case was dismissed. Consequently, it is not apparent why claimant did not request the return of the marijuana at the close of his criminal case. Regardless, this action was dismissed for lack of service on October 26, 2018. After that time, claimant could have requested the return of the marijuana, but he did not. This case was not reinstated until July 2, 2019, and claimant was finally served with the complaint on September 19, 2019.